## PASCARELLA v. NEW YORK CENT. R. CO.
### Civil Action No. 8942.

United States District Court
E. D. New York.
Nov. 19, 1948.

C. Austin White, of New York City, for the defendant, for the motion.

William A. Blank, of Brooklyn, N. Y., and Morris Borden, of Cleveland, Ohio, for plaintiff, in opposition to motion.

RAYFIEL, District Judge.

The plaintiff, an employee of the defendant railroad company, commenced this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for injuries sustained by him during the course of his employment.

The defendant now moves for an order transferring the said action to the United States District Court for the Northern District of Ohio, Eastern Division thereof. The said motion is made pursuant to the provisions of 28 U.S.C.A. § 1404(a), which became effective on September 1, 1948. The said section provides that a District Court may, "for the convenience of parties and witnesses, and in the interest of justice, * * * transfer any civil action to any other district or division where it might have been brought."

The defendant states that the plaintiff, a resident of Ohio, suffered the injuries which are the subject matter of this action while working as a brakeman in Youngstown, Ohio; that the defendant expects to call as witnesses on the trial of the action several members of the train crew of which the plaintiff was a member, as well as several car inspectors and physicians, all of whom are employed or reside in or near Youngstown, Ohio; and that the United States District Court for the Northern District of Ohio, Eastern Division thereof, is held in the City of Youngstown, Ohio.

The plaintiff opposes this motion, contending, first, that the said Section 1404(a) does not apply to actions brought under the Federal Employers' Liability Act, and, second, that if it should be held that it does, then it is not applicable to actions pending on its effective date, to-wit, September 1, 1948.

For many years the doctrine of "forum non conveniens" has been enforced in the Federal Courts, but it has been uniformly held that it is inapplicable to actions brought under the Federal Employers' Liability Act. In the case of Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, at page 54, 62 S.Ct. 6 at page 10, 86 L.Ed. 28, 136 A.L.R. 1222, the Court referring to Section 6 of the said Act, said "* * * A privilege of venue granted by the legislative body which created this right of action cannot be frustrated for reasons of convenience or expense. If it is deemed unjust, the remedy is legislative * * *." To the same general effect, see also Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104, and Gulf Oil Corporation v. Gilbert, 330 U. S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. In the latter case, an ordinary tort action, not brought under the Federal Employers' Liability Act, the Court, in applying the doctrine of "forum non conveniens," said (at page 505 of 330 U.S., at page 841 of 67 S. Ct.), "It is true that in cases under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 we have held that plaintiff's choice of a forum cannot be defeated on the basis of forum non conveniens." But this was because the special venue act under which these cases are brought was believed to require it. Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104.

No question is raised as to this Court's jurisdiction of this action or of the parties. There are two questions involved here: first, whether 28 U.S.C.A. § 1404(a), applies to all civil actions, including actions brought under the Federal Employers' Liability Act; and, second, whether the defendant has established reasons of convenience of parties and witnesses which would justify the transfer of this action. If the first question is answered in the negative the second need not be considered.

Since no specific reference is made in the new Title 28 of the United States

Code Annotated to actions brought under the Federal Employers' Liability Act, it becomes necessary to ascertain what the Congress intended when it enacted 28 U.S.C.A. § 1404(a). All of the provisions of Title 28 of the new Code appear in one chapter, headed "Chapter 87—District Courts; Venue," consisting of Sections 1391 to 1406, inclusive. The first section (1391) deals with venue generally, while several of the remaining sections contain provisions for venue in other specific civil actions, such as actions (1) by a national banking association against the comptroller of the currency, (2) to recover a fine, penalty or forfeiture, (3) for the collection of internal revenue taxes, and several others. It is my opinion that the provision in the said Section 1404(a) authorizing the District Court to transfer "any civil action * * *" (emphasis added) refers only to the civil actions enumerated under the aforementioned Chapter 87, and not to those actions for which special venue provisions and privileges are created by statute, except, of course, those venue statutes which were specifically repealed by the new Code.

Section 39 of the enacting act of New Federal Judicial Code reads in part as follows:

"The sections or parts thereof of the * * * Revised Statutes of the United States or Statutes at Large enumerated in the following schedule are hereby repealed." 62 Stat. 992. There follows a schedule comprising many hundreds of sections of various statutes, but neither Section 6 nor any other provision of the Federal Employers' Liability Act appears among them.

Where the Congress did intend to make Section 1404(a) applicable to statutes containing specific venue provisions it accomplished that purpose in unmistakable language. For instance, it provided, by Section 1400(a) of Title 28, under the heading "Chapter 87—District Courts; Venue," that the transfer procedure effected by Section 1404(a) should apply to copyright cases and consequently repealed Section 35 of Title 17, providing therefor.

An examination of the reviser's notes and the hearings and report of the commit- tee which considered the bill which eventually became the New Federal Judicial Code, indicates that the various sections under Chapter 87 thereof (affecting venue) were intended to effect completeness or clarity in the statutes which they were designed to replace, or provided changes in the phraseology thereof. Specifically, Section 1404, according to the said notes, was a consolidation of Sections 119 and 163 of Title 28, U.S.C., 1940 Ed. with necessary changes in phraseology and substance, and neither of said sections referred to actions commenced under the Federal Employers' Liability Act. The mere reference in said notes to the case of Baltimore & Ohio R. Co. v. Kepner, supra, does not justify the conclusion that the Congress intended by said section to deprive an employee of a railroad of the special and substantive right of venue granted him by Section 6 of the Federal Employers' Liability Act.

Hon. John Jennings, Jr., a member of the House of Representatives, introduced a bill in the first session of the 80th Congress, H.R.242, providing for the amendment of Section 6 of the Federal Employers' Liability Act, so as to limit venue in actions brought thereunder. Thereafter, but in the same session, he introduced a substitute bill, H.R.1639, less drastic in its provisions, but designed to accomplish the same general purpose. It provided that in certain eventualities, which need not be here considered, an action under the said Act could be brought only in the district or county in which the accident occurred, or in which the employee suffering injury or death resided at the time when the accident occurred.

At the opening of the hearings before the sub-committee of the Committee on the Judiciary of the House of Representatives, the sponsor of the bills asked that H.R. 242 be not considered, inasmuch as he was interested only in the passage of H.R.1639. The hearings were quite extensive, and the record thereof consists in large part of the oral testimony of representatives of various Bar Associations and attorneys for several railroad companies, and copies of resolutions adopted by the Bar Associations of many of the states advocating the limi-

tation of venue of actions commenced under the Federal Employers' Liability Act.

The general purport of the testimony and resolutions was to the effect there existed widespread solicitation of cases under the Act as well as other unethical practices, and that a comparatively small group of law firms, generally in the more populous states, represented employee plaintiffs in a substantial percentage of the cases brought thereunder. It was urged that the limitation of venue provided for in H.R. 1639 would eliminate or substantially reduce those evils. It was also urged by the proponents and supporters of the bill that the prosecution of these actions in large cities remote from the scene of the accidents has resulted in what were referred to as exorbitant verdicts for the employees. Opponents of the bill argued· that if the first contention is correct, it would be more advisable and proper for the constituted authorities to institute disciplinary proceedings than to impose restrictions and limitations on the injured·employee. As to the second contention, the bill's opponents criticised the standard which was employed to justify the opinion or conclusion that the verdicts were exorbitant. They urged, on the contrary, that the verdicts recovered in other jurisdictions provided entirely inadequate compensation for the injuries suffered by employees.

The Jennings bill was being considered by the Congress during the same period that it had the New Federal Judicial Code under advisement. The Jennings bill failed to pass the Congress. It seems fair to assume, therefore, that it was not the intent of the Congress to give such sweeping significance and import to Section 1404(a) of the New Federal Judicial Code as the defendant contends.

There are several additional facts and circumstances which in my judgment justify the opinion that it was not the intent of the Congress to apply Section 1404(a) of the New Federal Judicial Code to actions under the Federal Employers' Liability Act.

My distinguished colleague, District Judge Galston, a member of the Judicial Conference Committee on Revision of the Judicial Code, in his "Introduction to the New Federal Judicial Code," 8 F.R.D. 201, said:

"As the title of the bill indicates, the object of the Committee was to revise and codify existing law. The temptation in so doing to incorporate new matter was at times very great; *but the rule of exclusion stated in its broadest terms was to reject anything of a controversial nature.* In consequence the bill as it was introduced in the closing days of the second session of the 79th Congress expressed the efforts of the draftsmen to simplify, consolidate, rearrange, re-phrase and indeed streamline former Title 28."

And then, further:

*"The breadth of the survey of Titles other than Title 28 of the United States Code is indicated in the present act* in the schedule of laws repealed." (Emphasis added.)

Charles J. Zinn, Esq., Law Revision Counsel to the Committee on the Judiciary of the House of Representatives, in a statement made before the said Committee, said, inter alia (see pages 1980 and 1981 of the West Publishing Company's Publication-United States Code, Congressional Service):

"In the work of revision, principally codification, as we have done here, keeping revision to a minimum, I believe the rule of statutory construction is that a mere change of wording will not effect a change in meaning unless a clear intent to change the meaning is evidenced."
and:

"People who are afraid that we are changing the law to a great extent need not worry particularly about it."

At page 1945 of said publication Hon. Eugene J. Keogh, a member of the House of Representatives, and a former Chairman of the House Committee on the Revision of the Laws, said:

"The policy that we adopted, which in my mind has been very carefully followed

by the revisers and by the staffs of the publishing companies * * * was to avoid wherever possible * * * the adoption in our revision of what might be described *as controversial substantive changes of law."* (Emphasis added.)

Many other statements to the same general effect, made by members of Congress and others, appear in the said publication and in the Report of the Committee and the record of the hearings held before it.

The failure to make specific reference to Section 6 of the Federal Employers' Liability Act, or at least to include the said section in the aforementioned schedule or table of laws repealed, appears to confirm the opinion of this Court that it was not the intent of the Congress to make Section 1404(a) of the New Federal Judicial Code applicable thereto.

The said Section 1404(a), except to the extent that it applies to those venue provisions contained in Chapter 87, aforementioned, merely makes statutory the doctrine of "forum non conveniens." To make it applicable to actions under the Federal Employers' Liability Act would be to negative the aforementioned decisions of the Supreme Court, and I am unwilling to agree that that was the intent of the Congress.

Granting venue rights under Section 6 of the Federal Employers' Liability Act was a meaningful and purposeful exercise of legislative prerogative by Congress, and should be taken away only by an equally specific discharge of its legislative function. I do not think that Section 1404(a) of the new code accomplished that purpose. The 81st Congress is about to meet in session, and will have an opportunity to clarify the situation here involved.

Since it is the opinion of this Court that Section 1404(a) is not applicable to actions brought under the Federal Employers' Liability Act, it becomes unnecessary to consider the question of convenience raised by the defendant.

Accordingly, the motion is denied. Settle order on notice.