**AUBURN CAPITOL THEATRE CORPORATION et al. v. SCHINE CHAIN THEATRES, Inc. et al.**

No. 48–736.

United States District Court
S. D. New York, Civil Division.
April 21, 1949.

Milton Pollack, of New York City (Milton Pollack, Milton Handler, Richard F. Wolfson and Philip B. Kurland all of New York City, and Gerald Saperstein, of Auburn, of counsel), for plaintiffs.

Willard S. McKay and Cravath, Swaine & Moore, all of New York City (Alfred McCormack and Albert Rosenblum, both of New York City, for defendants Schine Chain Theatres, Inc., Schine Circuit, Inc., Schine Theatrical Co., Inc., Schine Enterprises Corporation, Schine Lexington Corporation, Chesapeake Theatres Corporation, J. Myer Schine, Louis W. Schine, and John A. May.

RYAN, District Judge.

This action is brought under Section 7 of the Sherman Act, as amended, 26 Stat. 210, 15 U.S.C.A., § 15 Note, and Section 4 of the Clayton Act, as amended, 38 Stat. 731, 15 U.S.C.A. § 15, to recover treble damages.

The corporate defendants,—Schine Chain Theatres, Inc., Schine Circuit, Inc., Schine Theatrical Company, Inc., Schine Enterprises Corporation, Schine Lexington Corporation and Chesapeake Theatres Corporation, and the individual defendants—J. Myer Schine, Louis W. Schine and John A. May, move before answer to dismiss the action pursuant to Federal Rules of Civil Procedure, rule 12(b) (3), 28 U.S.C.A., upon the ground that they are not amenable to suit in this district under the provisions of the anti-trust laws. In the alternative, they seek a transfer of the action to the Northern District of New York.

(1) Section 1406(a) of the Judicial Code provides, "The district court of a district in which is filed a case laying venue in the wrong division or district, shall transfer such case to any district or division in which it could have been brought."

The provisions of this section are applicable to anti-trust actions notwithstanding the special venue provisions of the Clayton Act. The action may not be dismissed even though venue is improper; the issue on this motion then is, whether the action should be severed and transferred as to the moving defendants for improper venue under this section, or transferred on the ground of convenience under Section 1404(a); 3 Moore Federal Practice 2d ed. p. 2141, Sec. 19.04.

Plaintiff, Auburn Capitol Theatre, is a New York corporation and plaintiff, Wallace, is a New York resident; both reside in the Northern District.

The defendants may be grouped as follows: (1) the "Schine" defendants, being those who were defendants in Schine Chain Theatres, Inc., v. United States, 334 U.S. 110, 68 S.Ct. 947; (2) Schine Chain Theatres of Ohio, Inc., and (3) five major and three minor distributors of motion pictures. Schine Chain Theatres of Ohio, Inc., apparently, is a defunct corporation; it was not served with process but was mistakenly joined as a defendant, it has not appeared and since it is not a party to this action may be disregarded on this motion.

All the distributor-defendants have answered with the exception of Radio-Keith Orpheum Corporation which has procured an extension of time. None of these defendants join in making the instant motion, but copies of the moving papers were served on them. None have appeared or submitted affidavits or memoranda. Whether this indicates indifference on their part or whether they feel that they are not parties to motion because notice thereof was not addressed to them, we do not know. In any event, as to them venue is not in question.

The three individual defendants are residents of Fulton County in the Northern District of New York. Of these, J. Myer Schine was found and personally served in this district, and the other two in the Northern District.

The first five corporate defendants above-named are New York corporations; the sixth, Chesapeake Theatres Corpora-

tion, is a Maryland corporation. All have been served in this state and no motion has been made to quash service. For this motion, it must be taken that defendant, Chesapeake, transacts business within the state.

It is not necessary here to determine whether venue is properly laid under the special venue provisions of the Clayton Act, for venue is supported by Section 1392 (a) of the Code. This section relates to venue in actions where defendants are located in the same state, but in different districts. It provides that, "Any civil action, not of a local nature, against defendants residing in different districts in the same state, may be brought in any of such districts."

This action is not of a local nature and all the defendants, for purposes of venue, are deemed residents of this state. 28 U.S. C.A. § 1391(c).

 Anti-trust plaintiffs are not deprived of the benefits of these general venue provisions. Cf. Sonken-Galamba Corporation v. Atchison, T. & S. F. Ry. Co., D.C., 29 F.Supp. 796. The venue provisions of the anti-trust laws were enacted to give anti-trust plaintiffs special venue privileges in addition to those granted by general venue statutes. United States v. National City Lines, 334 U.S. 573, 68 S.Ct. 1169; they were intended to facilitate the prosecution of anti-trust actions, not to replace or make unavailable general venue provisions. Under this section the action is properly brought in this district and the motion to dismiss (or more properly to sever and transfer) must be denied.

 (2) Section 1404 is but a codification of the doctrine of forum non conveniens. It did not change the doctrine as set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; applying the rule laid down there transfer must be denied, on this ground. That eight distributor-defendants have their principal places of business in this district. They have not sought a transfer. Although the action affects plaintiffs' property located in Auburn, N. Y., the greater portion of the alleged conspiratorial and illegal acts are alleged to have occurred in New York City and to have been consum-

mated through the New York offices of the distributor-defendants. These defendants are now being examined here without objection from them and their records concerning these acts are here. It cannot be said that the choice of forum is either vexatious or oppressive. A transfer would not serve the interests of justice, nor would it be convenient for all the parties or witnesses.

Having found this forum convenient, it is not necessary to determine whether Section 1404 is to be applied to these anti-trust actions where venue is laid under the special provisions of Sections 4 and 12 of the Clayton Act, 15 U.S.C.A. §§ 15, 22. Cf., United States v. National City Lines, supra; United States v. National City Lines, D.C., 80 F.Supp. 734, 743; Hayes v. Chicago, R. I. & P. R. Co., D.C., 79 F. Supp. 821; Nunn v. Chicago, Milwaukee, St. P. & P. R. Co., D.C., 80 F.Supp. 745; Pascarella v. New York Cent. R. Co., D.C., 81 F.Supp. 95; Cullinan v. New York Cent. R. Co., D.C., 83 F.Supp. 870. Hulbert, J.

Suggestion is made by the moving defendants that a settlement of the differences between plaintiffs and the distributor-defendants might be effected, leaving the claims against the "Schine" defendants alone to be litigated; in the happening of such event, the balance of convenience might be changed so as to weigh more heavily in favor of a transfer to the Northern District. This seems, presently, under the facts shown by the affidavits, to be at most only a conjecture, but should it come to pass, the denial of transfer at this time shall be deemed to be without prejudice to renewal.

Motion to transfer is also denied.

The "Schine" defendants also move to vacate and set aside plaintiffs' notice of examination or to stay the taking of depositions until defendants complete their examination of plaintiffs. Plaintiffs, too, move for similar relief with respect to defendants' notice of examination.

The "Schine" defendants served their notice on February 18, 1949, before answer and simultaneously with their motion to dismiss or transfer, setting March 4, 1949 for the taking of depositions. Plaintiffs served their notice later on the same day,

setting February 24, 1949 for the taking of depositions.

(3) As a general rule, the party who serves his notice first is entitled to priority. Grauer v. Schenley Products Co., D.C., 26 F.Supp. 768. This rule is not, however, inflexible. It is true that plaintiffs must establish their case by proof to be elicited, in large measure, from defendants, but by reason of the Government's anti-trust litigation they are fully advised of the nature, extent and availability of such proof. Defendants have been diligent; no special circumstances appear which would warrant taking from the "Schine" defendants their priority of examination.

Plaintiffs shall appear for examination in New York City, at a time and place to be specified in an order to be settled; such examination shall continue daily until completed. Within 5 days after completion, the "Schine" defendants' examination shall begin; the individual defendants and Willard S. McKay shall be examined in New York City, excepting however, that such portion of these examinations as shall require the production of records shall be held in Gloversville, New York, where also the remaining employees and officers of the "Schine" defendants shall be examined.

Settle orders on notice to all parties.