**MELL et al. v. MINKOWITZ et al. (VULCAN CORP., third party defendant).**

United States District Court
S. D. New York.
March 13, 1952.

Spence, Hotchkiss, Parker & Duryee, New York City, for plaintiffs.

Weisman, Celler Quinn, Allan & Spett, New York City, Milton C. Weisman, New York City, Lester Samuels, New York City, Abraham Mopper, New York City, of counsel, for defendants Minkowitz and Wasserman.

S. H. KAUFMAN, District Judge.

Defendants move for an order vacating plaintiffs' notices to take their depositions. Plaintiffs cross-move for an order postponing the taking of plaintiffs' depositions until the completion of the taking of defendants' depositions.

■ Plaintiffs seek to recover the sum of $14,500 for commissions. The complaint alleges that as a result of a conspiracy between defendants and the third-party defendant, plaintiffs are deprived of said sum. This action was commenced by the filing of a complaint on February 6, 1952. F.R. C.P.Rule 3, 28 U.S.C.A. On February 26, 1952, plaintiffs, without leave of court, served on defendants notices to take their depositions. Rule 26(a) provides:

> "* * * After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action. * * *"

The twentieth day after the commencement of the action was February 27, 1952.[1]

Plaintiffs having failed to comply with the provisions of Rule 26(a) by obtaining leave of court to serve their notices within the 20 day period, it follows that their notices are invalid and defendants' motion to vacate and set them aside must be granted.

■ Defendants' notices to take the depositions of plaintiffs were served on February 28, 1952. These notices are the first valid ones to be served. In the absence of any showing of special circumstances requiring a different order for the taking of depositions defendants shall be given priority. Edwin H. Morris & Co. v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1950, 10 F.R.D. 236; Auburn Capitol Theatre Corp. v. Schine Chain Theatres, Inc., D.C.

1. See Rule 6(a): "In computing any period of time prescribed or allowed by these rules, * * * the day of the act, event, or default after which the designated period of time begins to run is not to be included. * * *"

S.D.N.Y.1949, 83 F.Supp. 872. See Moore, Federal Practice 1058–59, 2d ed. 1950.

Plaintiffs also move that defendants be permitted to examine only Howard W. Mell, as he alone of the plaintiffs, it is averred, conducted the negotiations out of which this action arose. If additional testimony obtainable only from the other plaintiffs is required, they agree that these plaintiffs will be produced. Defendants do not oppose this limitation and request that the examination of defendants be likewise restricted to defendant George Minkowitz, with the same right accorded to plaintiffs to examine any of the other defendants if such testimony is required. The motions to limit the examinations to the above named plaintiff and defendant are granted.

Settle order on notice in conformity with this memorandum.