**ABC GREAT STATES, INC., et al.,
Plaintiffs,**

v.

**GLOBE TICKET COMPANY et al.,
Defendants.**

**No. 68 C 1690.***

United States District Court
N. D. Illinois, E. D.
Oct. 16, 1969.

---

* And all admission ticket antitrust cases consolidated in this court pursuant to 28 U.S.C. § 1407.

---

Samuel W. Block, Jenner & Block, Chicago, Ill., for plaintiffs ABC Great States, Inc., and another.

Ronald M. Dietrich, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for defendants Globe Ticket Co., and another.

## MEMORANDUM AND ORDER ON DEFENDANTS' OBJECTIONS TO PLAINTIFFS' VENUE DISCOVERY MOTIONS

ROBSON, District Judge.

In response to motions to dismiss for improper venue filed by six corporate defendants and eleven individual defendants,[1] plaintiffs filed written interrogatories and a notice of depositions with an attached motion for production of documents. Defendants in turn have filed objections to the plaintiffs' venue discovery and motions to limit its time, place, and scope.[2] All have two major objections:

1. That the plaintiffs' requests for information going back to January 1, 1960, are too broad because the relevant time period for venue pur-

---

1. Globe Ticket Company of New England, Southwest Globe Ticket Company, Globe Ticket Company, Inc. (Florida), Globe Ticket Company, No. 2, National Ticket Company, Arcus-Simplex-Brown, Inc., James S. Arcus, Jr., John Conway, William Patton, E. W. Taylor, Thomas Leonard, J. Edward Ludes, William Gillenwater, Frank Rugg, Milton Manshel, Clifford Elliott, and John Elliott.

2. The following object to plaintiffs' interrogatories: James Arcus, Jr., William Gillenwater, John Conway, J. Edward Ludes, E. W. Taylor, Thomas Leonard, William Patton, Frank Rugg, Clifford Elliott, John Elliott, Globe Ticket Company, Globe Ticket Company of New

England, Southwest Globe Ticket Company, Globe Ticket Company, Inc. (Florida), Globe Ticket Company, No. 2, Arcus-Simplex-Brown, Inc., Arcus Ticket Company, and National Ticket Company. The following have moved to limit the time, place, and scope of venue discovery: James Arcus, Jr., William Gillenwater, John Conway, J. Edward Ludes, E. W. Taylor, Thomas Leonard, William Patton, Clifford Elliott, John Elliott, Arcus Ticket Company, Arcus-Simplex-Brown, The National Ticket Company, Globe Ticket Company of New England, Southwest Globe Ticket Company, Globe Ticket Company, Inc. (Florida), and Globe Ticket Company, No. 2. As to this latter motion, plaintiffs have

poses is the date of the commencement of the lawsuit (September, 1968).

2. That requests for information concerning meetings between the various defendants in Illinois and other conspiratorial evidence are irrelevant because the special antitrust venue statutes, 15 U.S.C. §§ 15 and 22, are exclusive and relate only to business activities (or alternatively that even under the general venue statute, 28 U.S.C. § 1391, only business activities are relevant).

Several defendants[3] also have objected to plaintiffs' requests for information as to activities in the state of Illinois in general and have moved that discovery be restricted to the Northern District of Illinois. Finally, subsidiaries of two defendants[4] to whom proper venue is conceded have objected to discovery requests relating to intra-corporate relationships with the parent aimed at disclosing the operation of the parent and the subsidiaries as a single entity.

■ This court is of the opinion that all of plaintiffs' discovery requests objected to by the defendants are relevant and proper. Plaintiffs properly may seek information going back to January 1, 1960, as part of their venue discovery since it is more in keeping with congressional purpose in the antitrust field to construe venue provisions as relating to the time when the cause of action arose. Eastland Construction Co. v. Keasbey & Mattison Co., 358 F.2d 777 (9th Cir. 1966); Adams Dairy Co. v. National Dairy Products Corp., et al., 293 F.Supp. 1135 (W.D.Mo.1968). Otherwise, a defendant might cause injury through business activities or conduct in one jurisdiction and then cease its activity, placing the burden on the plaintiff to catch him. Rather, congress intended to relieve antitrust plaintiffs of the burden of resorting to distant forums for the redress of wrongs done in their place of business. E. g., Abrams v. Bendix Home Appliances, Inc., 96 F.Supp. 3 (S.D.N.Y.1951). Thus this court has concluded that venue discovery as to the time the cause of action arose is permissible here.

■ Further, it is clear that the congressional purpose in enacting special antitrust venue statutes was to broaden venue in that area as it then existed and to facilitate the prosecution of antitrust actions. E. g., Eastland Construction Co. v. Keasbey & Mattison Co., supra; B. J. Semel Associates, Inc. v. United Fireworks Mfg. Co., Inc., 122 U.S.App. D.C. 402, 355 F.2d 827 (1965); Hoffman Motors Corp. v. Alfa Romeo S. p. A., 244 F.Supp. 70 (S.D.N.Y.1965). In Pure Oil Co. v. Suarez, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966), the Supreme Court held that, absent any legislative intent to constrict venue, a special venue statute should be read together with the general venue statutes, 28 U.S.C. §§ 1391 and 1392. The court limited the application of Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), to its facts and made it clear that broad venue was to be the rule not the exception. *Pure Oil* indicates then that the general venue statutes must be held to supplement 15 U.S.C. §§ 15 and 22 since no specific legislative intent to the contrary can be found. See, e. g., Adams Dairy Co. v. National Dairy Products Corp., supra; Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 291 F.Supp. 252 (E.D.Pa.1968); Haw-

---

represented to the court that they would comply with defendants' objections to the place of taking depositions. Thus no ruling will be required on this point.

3. National Ticket Company, Arcus-Simplex-Brown, Inc., J. Edward Ludes, and John Conway.

4. Globe Ticket Company and Arcus Ticket Company do not object to venue as to them. Globe Ticket Company wholly owns Globe Ticket Company of New England, Southwest Globe Ticket Company, Globe Ticket Company, Inc. (Florida), and Globe Ticket Company, No. 2. Arcus-Simplex-Brown is a subsidiary of Arcus Ticket Company.

kins v. National Basketball Association, 288 F.Supp. 614 (W.D.Pa.1968); Hoffman Motors Corp. v. Alfa Romeo S. p. A., *supra*.

Thus, this court is of the opinion that Section 1391 is applicable in the present case, and under its terms venue discovery as to where the claim arose is proper. On this basis, conspiratorial information as to both individual and corporate defendants is *relevant* to the venue issue—indeed it is the heart of the plaintiffs' claims and cannot be foreclosed at this stage given the applicability of Section 1391.

Plaintiffs also properly seek information as to activity in the state of Illinois in general. As discussed above, the special antitrust venue statutes are supplemented by general venue statutes. Therefore, section 1392(a), which provides in substance that activities in one judicial district of a state will suffice for venue in other districts of that state, is applicable to this action and permits discovery as to the entire state. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., *supra*, 291 F.Supp. at 258.

Finally, plaintiffs' intra-corporate discovery requests are proper. Defendants seek to limit the request to sales, meetings, and similar intra-corporate activities in the state of Illinois. The law is clear, however, that the operation of a parent and its subsidiaries as a single entity without regard to separate corporate structure will subject all to venue in the jurisdiction where venue as to the parent is proper. Frazier, III v. Alabama Motor Club, Inc., 349 F.2d 456 (5th Cir. 1965); Gallen v. Howard D. Johnson Co., Inc., 271 F.Supp. 680 (S.D.N.Y.1967); S.O.S. Co. v. Bolta Co., 117 F.Supp. 59 (N.D. Ill.1953). It is *relevant* to this determination to delve into the enterprise as a whole and not merely as to the state of Illinois. Again, at this stage this information cannot be foreclosed, for relevance is the key inquiry.

It is therefore ordered that the objections of defendants James Arcus, Jr.,

William Gillenwater, John Conway, J. Edward Ludes, E. W. Taylor, Thomas Leonard, William Patton, Frank Rugg, John B. Elliott, Clifford Elliott, Globe Ticket Company, Globe Ticket Company of New England, Southwest Globe Ticket Company, Globe Ticket Company, Inc. (Florida), Globe Ticket Company, No. 2, Arcus Ticket Company, Arcus-Simplex-Brown, Inc., and National Ticket Company to plaintiffs' venue interrogatories be, and they are hereby overruled.

It is further ordered that the motions of the above-named defendants to limit the time, place, and scope of venue discovery be, and they are hereby denied.