ALBERT LEVINE ASSOCIATES, a co-partnership consisting of Albert Levine and Arnold H. Levine, doing business under the said assumed name, Plaintiffs,

v.

BERTONI & COTTI, S.p.A. Officine Meccaniche, Gianni Bertoni, et al., Defendants.

No. 68 Civ. 4238.

United States District Court, S.D. New York.

June 16, 1970.

See also, D.C., 309 F.Supp. 456.

Albert Levine, Jamaica, N.Y., for plaintiffs.

Standard, Weisberg, Heckerling & Rosow, New York City, and Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., for defendants Tupes of Saginaw, Inc. and Robert Tupes.

METZNER, District Judge.

Defendants Tupes of Saginaw, Inc. and Robert Tupes move to quash service or in the alternative for change of venue.

■ The jurisdictional bases of the claim as alleged in paragraph 4 of the complaint are §§ 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26. The complaint seeks damages and an injunction for alleged violations of the antitrust laws of the United States. The action is purely statutory, and the federal courts have exclusive jurisdiction over such an action. General Investment Co. v. Lake Shore & Mich. So. Ry., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922); Blumenstock Bros. Advtg. Agency v. Curtis Pub. Co., 252 U.S. 436, 440, 40 S.Ct. 385, 64 L.Ed. 649 (1920).

Section 4 provides that an action against an individual defendant shall be maintained in the district where "the defendant resides or is found or has an agent, * * *" § 12 (15 U.S.C. § 22) provides that an action against a corporation "may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; * * *."

· ■ In addition, the general venue statute (28 U.S.C. § 1391(b)) provides that venue may be laid in the district *"in which the claim arose*, except as otherwise provided by law." The italicized words were added in 1966 (P.L. 89–714, 80 Stat. 1111) for the express purpose of liberalizing the venue provisions. 3 U.S.Code Cong. Ad.News, p. 3693 (1966).

It has been held that this section is supplementary to the specific sections of the Clayton Act. Adams Dairy Co. v. National Dairy Prods. Corp., 293 F.Supp. 1135 (W.D.Mo.1968); Philadelphia Housing Auth. v. American Radiator & Standard Sanitary Corp., 291 F. Supp. 252, 259 (E.D.Pa.1968); ABC Great States, Inc. v. Globe Ticket Co., 304 F.Supp. 1052 (N.D.Ill.1969).[1] In the *Housing Auth.* case, the court said: " 'As otherwise provided by law' simply means that even if venue would not be proper under 1391(b), it will still be found to exist if proper under a special venue statute." This seems a proper interpretation in view of the generally accepted thesis in this district that the specific venue provisions of the antitrust statutes were intended to facilitate the prosecution of these actions and not to make unavailable the general venue provisions. Hoffman Motors Corp. v. Alfa Romeo, S.p.A., 244 F.Supp. 70, 83–84 (S.D.N.Y.1965); Auburn Capitol Theatre Corp. v. Schine Chain Theatres, 83 F.Supp. 872 (S.D.N.Y.1949). Foreclosing the availability of the new liberalizing provision to the plaintiff would not be in keeping with the general philosophy underlying the enforcement of the antitrust laws.

This leads us then to a consideration of where this claim arose. Plaintiff is an importer of replacement parts for crawler tractors. Its principal place of business is located in the Eastern District of New York. Defendant Bertoni is the manufacturer of such replacement parts and is a foreign corporation located in Italy. The remaining defendants are corporations and individuals that distribute these products in the United States. One of them appears to be a New York resident. It is alleged that an officer of Bertoni came to New York City to attend a meeting with the other

---

1. That this is the rule as to other general venue provisions which do not contain the words "as otherwise provided by law", see School Dist. of Philadelphia v. Harper & Row Publishers, 267 F.Supp. 1006 (E.D.Pa.1967) (§ 1391(c)); Edward J. Moriarity & Co. v. General Tire & Rubber Co., 289 F.Supp. 381 (S.D.Ohio 1967) (§ 1391(d)); State of New York v. Morton Salt Co., 266 F.Supp. 570 (E.D. Pa.1967) (§ 1392(a)).

defendants, at which time an agreement was reached that Bertoni would not sell to the plaintiff. It is further alleged that as a result of this agreement Bertoni has refused to sell to plaintiff, and so informed plaintiff personally in New York.

A person who has been injured in his business or property by a violation of the antitrust laws may sue for damages. 15 U.S.C. § 15. The liability is in tort, but the conspiracy is not a tort. The injury flowing from the conspiracy is the tort. The claim, therefore, arises where the plaintiff suffered injury to his business. Northwestern Oil Co. v. Socony-Vacuum Oil Co., 138 F.2d 967, 970 (7th Cir. 1943); Electric Theater Co. v. Twentieth Century-Fox Film Corp., 113 F.Supp. 937, 940 (W.D. Mo.1953). The Court of Appeals of this circuit, in discussing the creation of tort liability, said in Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 639 (2 Cir. 1956):

> "If the conduct complained of is fraudulent misrepresentation, the place of the wrong is not where the fraudulent statement was made, but where the plaintiff, as a result thereof, suffered a loss."

Here the plaintiff maintains its place of business in New York and sells throughout the United States. More specifically, as regards the products of the defendant manufacturer, plaintiff was free to sell such products "to customers who purchase at present from Lemco and Letts. * * *" There was no geographical limitation in that agreement. Consequently, the refusal to sell damaged plaintiff in New York and that is where the claim arose.

Movants claim that the cause of action arose from the refusal of the defendant manufacturer in Italy to sell parts to plaintiff for sale in Nebraska. As pointed out above, plaintiff was not limited in its selling of such parts to Nebraska. Furthermore, it appears that the refusal to sell was personally conveyed by Bertoni to plaintiff here in New York.

The alleged wrong being a tortious act committed here in the State of New York, the New York long-arm statute (CPLR § 302(a) (2)) may be availed of to secure personal jurisdiction over the defendants. F.R.Civ.P. 4(d) (7).

The motion is accordingly denied.

So ordered.