Babette L. **RIMAR**, d/b/a Automotive Trade Products, Plaintiff,

v.

Frank **McCOWAN** et al., Defendants.

Civ. A. No. 39349.

United States District Court, E. D. Michigan, S. D.

March 29, 1974.

Charles G. Gale, Southfield, Mich., Sheldon M. Meizlish, Detroit, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., Fred M. Mester, Asst. U. S. Atty., Keith A. Jenkins and Walter B. Maher, Detroit, Mich., for defendants.

### OPINION AND ORDER

GUBOW, District Judge.

The court has before it a motion to quash service of process as to all Defendants other than Chrysler Corporation. In addition to the briefs and arguments of counsel, the court has carefully reviewed the deposition of Agent Edward J. Roach of the F.B.I.

Plaintiff's action grows out of an allegedly illegal search and seizure of property claimed to belong to Plaintiff and alleged to have been turned over to, and retained by, Defendant Chrysler. The complaint is in three counts. Only count 1 purports to invoke Federal jurisdiction, and the remaining counts are cognizable by this court, if at all, only through pendent jurisdiction. Accordingly, this court cannot look beyond count 1 to determine the sufficiency of service of process. See Olympic Capital Corporation v. Newman, 276 F.Supp. 646, 658–659 (C.D.Cal.1967)

Count 1 alleges a civil rights deprivation occasioned by an illegal search and seizure by Federal agents acting on the initiative of Defendant Chrysler. While count 1 appears to state a valid claim against the so-called "Federal Defendants", whose conduct in executing the allegedly lawless search gives rise to the Fourth Amendment

claim, no sufficient claim is stated therein against Chrysler, a private corporation, which, in any event, is not alleged to have executed the search. See Barnes v. United States, 373 F.2d 517 (5th Cir. 1967).

The "Federal Defendants" include the United States Attorney for the Northern District of Texas, one of his Assistants, and two agents of the F.B.I.

The allegedly illegal seizure occurred in Dallas, Texas where three of the four "Federal Defendants" now reside and work, and where they resided and worked at the time of service. The fourth, Agent Edward J. Roach, resides and works in New York. With the exception of Agent Roach, the "Federal Defendants" were served by certified mail to their respective offices in Dallas. Agent Roach was served in Detroit on December 12, 1972.[1] Agent Roach had traveled from New York to Detroit on December 11, 1972, at the direction of his superiors, in order to testify in a proceeding in court scheduled for that date and subsequently adjourned.

From the briefs submitted on the motion, and from the oral argument of counsel, two possible bases for the sufficiency of the process on the non-resident Defendants are at issue here. The first is 28 U.S.C. § 1391(e), and the second is the Michigan Long Arm Statute, M.C.L.A. § 600.705.

Section 1391(e) provides as follows:

A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

On its face, this provision seems to support personal jurisdiction over the "Federal Defendants" since they were served either in person or by certified mail. However, the government contends that section 1391(e) is inapplicable to cases where, as here, the suit could not have been brought in Washington, D.C. prior to the enactment of 1391(e) because the Defendants are not residents of Washington, D.C. As to Agent Roach, the government argues that he was immune from service on December 12, 1972 because he was in Detroit only for the purpose of attending the district court here.

The government's position with respect to section 1391(e) finds support in the case of Natural Resources Defense Council v. T. V. A., 459 F.2d 255 (2d Cir. 1972). The court there stated that section 1391(e) must be construed in connection with other sections of the same statute which are codified under separate sections of the United States Code. The court attached great significance to the legislative history of the statute, particularly to the following passages from the House Report accompanying the bill, quoted at 459 F.2d, page 258:

The purpose of this bill is to make it possible to bring actions against Government officials and agencies in U.S. district courts outside the District of Columbia, which, because of certain existing limitations on juris-

---

[1] In his deposition, Agent Roach was unable to recall with certainty whether he was served on December 12 or December 13. However, the Marshal's return conclusively establishes that service was made on December 12.

diction and venue, may now be brought only in the U.S. District Court for the District of Columbia.

. . .

This bill is not intended to give access to the Federal courts to an action which cannot now be brought against a Federal official in the U.S. District Court for the District of Columbia.

To the same effect, the court quoted language from the Supreme Court decision in the case of Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L. Ed.2d 251 (1971), which also stated that the purpose of section 1391(e) was "to broaden the venue of civil actions which could previously have been brought only in the District of Columbia." 459 F.2d at 259. The Second Circuit concluded that section 1391(e) did not apply to a suit against the T.V.A. to be brought in New York.

The case of Liberation News Service v. Eastland, 426 F.2d 1379 (2d Cir. 1970), cited by Plaintiff, is not good authority in opposition to the government's position on section 1391(e). In the first place, that case preceded the *National Resources Defense Council* decision out of the same circuit and, to the extent of any conflict, is therefore overruled by the latter. In the second place, the *Liberation News Service* case involved Defendants who resided in Washington, D.C.

■ It is clear here that none of the "Federal Defendants" could previously have been sued in Washington, D.C. On the authority of Natural Resources Defense Council v. T. V. A., *supra,* this court is of the opinion that section 1391(e) does not apply to them.

■ With respect to the Michigan Long Arm Statute as a basis for personal jurisdiction, it is noted that if personal jurisdiction is conferred by M.C.L.A. § 600.705, then service of process on the "Federal Defendants" by certified mail was sufficient. M.C.L.A. § 600.1913. Moreover, the applicability of the Michigan statute is not affected by the fact that federal subject matter jurisdiction

over the Defendants is based on an alleged federal question rather than diversity of citizenship. See United States v. First National City Bank, 379 U.S. 378, 381, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965).

There is only one provision of section 705 which is even arguably relevant in this case. That provision is section 705(2) which confers limited personal jurisdiction over non-resident defendants when the action grows out of "[t]he doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort."

We can assume, without deciding, that a civil rights action alleging an illegal search and seizure is an "action for tort" for purposes of this section.

■ The search and seizure forming the basis of the claim in count 1 occurred in Texas. No part of the conduct of the "Federal Defendants" was done in Michigan or caused by them to be done in Michigan. The conduct of Chrysler occurring in Michigan is irrelevant because count 1 states no claim against Chrysler for which relief can be granted. Barnes v. United States, *supra.* Accordingly, the Michigan Long Arm Statute does not confer personal jurisdiction over the Defendants, and service of process on the non-resident Defendants is not justified on this basis.

■ There remains the question of Agent Roach who was served in Detroit. The facts are clear that, when served Agent Roach was in Detroit in connection with an unrelated court proceeding scheduled for trial on the date Roach was served. Under these circumstances, it seems clear that Roach was protected by the rule of immunity which "operates to protect litigants and witnesses from being harassed, embarrassed or vexed while attending the trial of a case." Marlowe v. Baird, 301 F.2d 169, 170 (6th Cir. 1962). This protection is not affected by the fact that Roach is an F. B.I. agent, and Plaintiff's argument to the contrary is unpersuasive. Also, it is irrelevant that Roach was not under

subpoena when served. The Supreme Court stated the rule to be "that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another . . . . " Lamb v. Schmitt, 285 U. S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932). This rule is not dependent on the existence of a subpoena. Clearly, in this case, Roach was in Detroit on December 12, 1972 "in connection with the conduct" of an unrelated lawsuit and was therefore immune from service.

For the above reasons, the motion to quash return of service is granted as to Defendant Roach on the basis of immunity and as to the other "Federal Defendants" because they were served outside the territorial limits of this state. Rule 4(f), F.R.Civ.P., 28 U.S.C. As to Chrysler, the complaint is dismissed without prejudice for failure to state a claim for which relief can be granted.

It is so ordered.