**Howard L. OVERBY, Plaintiff,**

v.

**Perry JOHNSON et al., Defendants.**

**Civ. A. No. 5–71879.**

United States District Court,
E. D. Michigan, S. D.

July 21, 1976.

Barry L. Moon, Green & Moon, P. C., Flint, Mich., for plaintiff.

Frank J. Kelley, Atty. Gen., Patrick A. Aseltyne, Asst. Atty. Gen., Crim. Div., Lansing, Mich., Don A. Langham, Deputy Atty. Gen., Atlanta, Ga., for defendants.

Richard A. Kitch, Detroit, Mich., for Leo Baker.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Howard L. Overby, an inmate at the State Prison of Southern Michigan, brought this action under 42 U.S.C. § 1983 against Francis W. Bartholic, medical director at the prison during the period 1969–72, and Leo Baker, medical director during 1972–74 (among other defendants). The complaint alleges that Bartholic and Baker deprived plaintiff of his right to adequate medical care under the eighth and fourteenth amendments by failing to provide him with a low cholesterol diet as required for his diseased arteries. Process was personally served upon Bartholic at his present residence in Melrose, Florida, and upon Baker at his present residence in Lompoc, California. These defendants move to dismiss for want of personal jurisdiction, claiming that Federal Rule of Civil Procedure 4(f) "does not sanction the type of service utilized in this case" because they were served outside of Michigan. Motion to Dismiss, dated April 23, 1976, at 2.

Rule 4(f) provides in relevant part:

All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, *when authorized by a statute of the United States or these rules, beyond the territorial limits of that state.* (emphasis added).

The italicized portion permits extraterritorial service of process when authorized elsewhere in the Rules. Rule 4(e) provides in relevant part:

Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons . . . upon a party not an in-

habitant of or found within the state . . . service may . . . be made under the circumstances and in the manner prescribed in the statute or rule.

The issue is thus whether a Michigan statute or court rule provides for extraterritorial service of process so as to confer personal jurisdiction under the circumstances of this case.

Michigan General Court Rule 105.9 provides:

Service of a summons and a copy of the complaint . . . shall confer personal jurisdiction over a defendant having any of the contacts, ties, or relations with this state as specified in RJA [Revised Judicature Act] Chapter 7, by giving notice to the defendant of the pendency of the action and an opportunity to defend. There is no territorial limitation on the range of service of such notice.

Turning, then, to Chapter 7 of the Revised Judicature Act, M.C.L.A. § 600.701 et seq., the following provision for limited personal jurisdiction is found:

The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which create any of the following relationships:

. . . . .

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

M.C.L.A. § 600.705(2).

Plaintiff contends that the alleged failure to provide medical care constitutes an act done in the state "resulting in an action for tort" within the meaning of M.C.L.A. § 600.705(2). The present action is not grounded in common law tort, but rather in the Civil Rights Act, a federal statute. The question is whether the phrase "action for tort" should be construed to include such

statutory causes of actions. No pertinent Michigan cases have been found, and the issue appears to be one of first impression in this state.

Limited personal jurisdiction of the kind conferred by long-arm statutes such as M.C. L.A. § 600.705 "is ultimately based upon the state's overriding interest in providing a local remedy for persons injured within its borders. . . ." 1 J. Honigman & C. Hawkins, *Michigan Court Rules Annotated,* 126 (1962). It would appear that the state's interest in providing a local remedy for deprivations of civil rights is at least as strong as its interest in providing a local remedy for common law torts. This being true, the policy of the long-arm statute would be furthered by applying it in this case.

The question remains, however, whether the phrase "action for tort" is broad enough to reach a statutory cause of action for the deprivation of federal civil rights. In the case of *Rimar v. McCowan,* 374 F.Supp. 1179 (E.D.Mich.1974), Judge Gubow of this district stated:

We can assume, without deciding, that a civil rights action alleging an illegal search and seizure is an "action for tort" for purposes of [M.C.L.A. § 600.705(2)].

374 F.Supp. at 1182. He went on to hold, however, that there was no jurisdiction because no part of the conduct alleged was done or caused to be done in Michigan.

In *Mandelkorn v. Patrick,* 359 F.Supp. 692 (D.D.C.1973), the court applied the analogous District of Columbia long-arm statute to a § 1983 action where the complaint alleged assault, battery and false imprisonment as overt acts in furtherance of a conspiracy to deprive the plaintiff of his constitutional rights. The court focused upon the nature of the acts alleged rather than the source of the cause of action in reaching this result.

This court is of the view that a more general construction of the phrase "action for tort" is permissible. A "tort" in the broad sense is the breach of a noncontractual legal duty owed to the plaintiff. The source of this legal duty may be a

statute as well as the common law. For example, in *Welch Scientific Co. v. Human Engineering Institute, Inc.,* 416 F.2d 32, 34 (7th Cir. 1969), *cert. denied,* 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 494 (1970), the court held:

> The Illinois long arm statute . . . provides for service when a person or his agent has committed a "tortious act" within the state. Here, defendant is charged with infringing plaintiff's patent, a tortious act, in Illinois. Therefore, the district judge improperly dismissed the suit for lack of valid service of process.

Similarly, in *Albert Levine Associates v. Bertoni & Cotti, S.p.A.,* 314 F.Supp. 169 (S.D.N.Y.1970), an antitrust action under the Clayton Act characterized by the court as "purely statutory," it was held:

> The alleged wrong being a tortious act committed here in the State of New York, the New York long-arm statute . . . may be availed of to secure personal jurisdiction over the defendants.

314 F.Supp. at 171. If federal statutory actions for patent infringement and violation of the Clayton Act may be regarded as tort actions for purposes of state long-arm jurisdiction, it seems clear that actions for violation of the Civil Rights Act may be similarly characterized. The court therefore holds that personal jurisdiction over defendants Bartholic and Baker is conferred by M.C.L.A. § 600.705(2) in this case.

Accordingly, defendants' motion to dismiss is denied. An appropriate order may be submitted.