**Hobby GREEN, Jr., et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. C–80–1114 WHO.**

United States District Court, N. D. California.

Sept. 2, 1981.

Peter Goodman, San Francisco, Cal., for plaintiffs.

G. William Hunter, U. S. Atty., San Francisco, Cal., Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D. C., Philip A. Berns, Atty. in Charge, Richard E. Peyser, Atty., Torts Branch, Civ. Div., U. S. Dept. of Justice, San Francisco, Cal., for defendants.

## OPINION AND ORDER

ORRICK, District Judge.

In this admiralty and maritime action brought by three individuals alleging violations of their Fourth Amendment search and seizure rights and personal injuries resulting from a United States Coast Guard boarding of the private sailboat on which they were riding, defendant United States of America has moved for partial summary judgment dismissing the claims of all plaintiffs against it for damages arising out of the alleged unlawful search and seizure. For the following reasons, the Court grants the motion on the grounds that this Court lacks subject matter jurisdiction.

## I

Plaintiffs, Green, McFetridge, and Retzinger were sailing in the boat in question off the California coast on May 8, 1978. Plaintiffs had permission to use the sailboat from Mr. Thomas Taussig, sole owner and officer of the California corporation Data Systems Design, the registered owner of the boat. The registration for the boat had expired on December 31, 1976. At approximately 1:15 p.m. on the day in question, personnel of the United States Coast Guard boarded, detained, and searched the sailboat. Paragraph 7 of the complaint alleges that the plaintiffs were deprived of rights, privileges, and immunities secured to them by the Constitution of the United States in that the searches and seizures were unreasonable and unlawful.

## II

■ The United States claims immunity from liability for the claims of plaintiffs for search and seizure arising under the Public Vessels Act, 46 U.S.C. §§ 781–790, and the Suits in Admiralty Act, 46 U.S.C. §§ 741–752. The United States government is not suable as a matter of right. Terms and conditions under which the United States consents to be sued are conferred statutorily and must be strictly construed. *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). These principles have been applied to admiralty suits against the United States. *Roberts v. United States*, 498 F.2d 520 (9th Cir. 1974), *cert. denied*, 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974).

■ The pertinent provision of § 781 of the Public Vessels Act provides:

"A libel in personam in admiralty may be brought against the United States * * for damages caused by a public vessel of the United States."

The pertinent provision of § 742 of the Suits in Admiralty Act provides:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could

be maintained, any appropriate nonjury proceeding in personam may be brought against the United States * * *."

Courts have construed the two statutes together and have interpreted them as waiving sovereign immunity and giving private owners and operators of vessels the same right of recovery from the government for damages caused by public vessels which they would have against a private shipowner or operator.

"The Private Vessels Act was only intended to 'impose on the United States the same liability (apart from seizure or arrest under a liable in rem) as is imposed by the admiralty law on the private shipowner * * *.' " *Allen v. United States,* 338 F.2d 160, 162 (9th Cir. 1964), *citing Weyerhaeuser S. S. Co. v. United States,* 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963).

 These holdings are consistent with subsequent Congressional explanation of the Suits in Admiralty Act. The Suits in Admiralty Act extends jurisdiction to the full range of admiralty cases which might have been maintained had a private person or property been involved rather than the government or its agents and employees or property.

While the Fourth Amendment of the Constitution protects persons against unreasonable searches and seizures, this provision has been construed as a limitation solely upon law enforcement officers, not private parties. *Rimar v. McCowan,* 374 F.Supp. 1179 (E.D.Mich.1974); *Burdeau v. McDowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); *Cash v. Williams,* 455 F.2d 1227 (5th Cir. 1967). In the case of *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the United States Supreme Court held that, under certain circumstances, a person whose Fourth Amendment rights had been violated by federal law enforcement officers had a cause of action against those officers. The Court did not hold that the officers' actions gave rise to a cause of action against the United States. Furthermore, the cause of action

against the federal officers was allowed only because their actions were done in an official capacity.

Since a private owner or operator of a vessel would have no right to recovery for an unlawful search and seizure against a private shipowner or operator, plaintiffs have no right to recovery against the defendant United States. There being no genuine issues of material fact with respect to the right of the United States to dismissal of plaintiffs' claim regarding the alleged unlawful search and seizure, the motion of the defendant United States for partial summary judgment is GRANTED.