**MANUFACTURERS BUYERS CORP. et al., Plaintiffs,**

v.

**EL DORADO TIRE CO., etc., et al., Defendants.**

**Civ. No. 70–1861.**

United States District Court,
S. D. Florida.

March 2, 1971.

Frates, Floyd, Pearson & Stewart, Miami, Fla., for plaintiffs.

Robert H. Roth, Orlando, Fla., Shea, Shea, Heath & Solner, Birmingham, Mich., Aaron M. Kanner, Richard Kanner, Dixon, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for defendants.

## ORDER

KING, District Judge.

This cause came on for hearing on February 8, 1971 upon motions of the individual and corporate defendants, other than B. F. Goodrich Co., to dismiss the complaint and, alternatively, to dismiss or to transfer the cause to the United States District Court for the Middle District of Florida. The Court also entertained a motion on that day by the B. F. Goodrich Co. to stay these proceedings pending the final disposition of an action between the same parties in the Circuit Court for Orange County, Florida.

The motions are resolved seriatim as follows:

I. *Motion to Dismiss by H. R. Calamari.*

H. R. Calamari has separately filed a motion to dismiss pursuant to the provisions of Rule 12(b) (2), (3) and (5), Federal Rules of Civil Procedure. The motion is supported by his affidavit which tends to prove that Calamari is a resident of the State of Michigan; that he does not transact business in the State of Florida, nor does he have representatives who transact business for him in Florida; and that he was not personally served in Florida with process in this cause. The plaintiff has not rebutted this affidavit.

The Court finds that venue is not proper as to Calamari either individually or upon his connection with any of the corporate defendants.

The Clayton Act makes special venue provisions for individuals in private antitrust actions (15 U.S.C. Section 15); thus, preempting the general venue statutes of the Judicial Code, i. e. 28 U. S.C. Sections 1391, 1392. Section 1391(b) of the Judicial Code provides that the general venue statute will not apply where a different law provides for another venue. The Clayton Act provides that venue shall be in the district where the defendant resides, is found, or has an agent. The facts do not sustain a finding that these criteria for venue have been met insofar as Calamari is concerned. The same facts compel a finding that the Court does not have jurisdiction over Calamari who is a nonresident not doing business in the state, either personally or by a representative —he is not amenable to service pursuant to Sections 48.161, 48.181 and 48.081, Florida Statutes, F.S.A. Calamari's motion is well taken, it is granted, and he is severed from this cause.

II. *Motion to Transfer by El Dorado Tire Co., El Dorado Tires, Inc., William L. Ballard, H. W. Dodenhoff, and H. R. Calamari.*

The individual and corporate defendants, other than B. F. Goodrich Co., have jointly moved pursuant to 28 U.S. C. Sections 1404(a) and 1406(a), alternatively, for an order transferring this cause to the Middle District of Florida. H. R. Calamari, having already been dismissed, is not a factor to be considered in the disposition of this motion.

The motion to transfer is supported by affidavits tending to prove that the individual defendants have no identity or connection with the Southern District of Florida. The movants concede, however, that both corporate defendants may have such contact in this forum.

It is unnecessary for this Court to resolve the remaining venue question in a manner that might further fragment the cause. It is proven by the movants' affidavits, and admitted by the plaintiffs, that the same parties have been and are now engaged in civil litigation in the Circuit Court for Orange County, Florida. The state court suit involves substantially the same factual questions as would be involved in this action; the documentary evidence in the state court suit is in Orange County, Florida, and it has been made to appear that a substantial majority of the parties and witnesses have a more direct contact with and in the Middle District of Florida than they do in this District.

Section 1404(a) of the Judicial Code embraces the situation with which we are confronted on the motion to transfer. It provides, *inter alia*, that for the convenience of parties and witnesses, in the interest of justice, a civil action may be transferred to any other district where it might have been brought. In this case, all of the defendants and their witnesses have substantial contacts in the Middle District of Florida; the plaintiffs transact business in that District, and all of the parties are now assembled there for the purpose of trying a lawsuit which involves similar, if not the same, factual issues as will be tried in this action.

The Court finds that it will be for the convenience of all concerned, and it will be in the interest of justice for this cause to be transferred to the United States District Court for the Middle District of Florida where it might have been brought at the outset. The motion to transfer is granted, and the motion to dismiss or transfer pursuant to the provisions of Section 1406(a) of the Judicial Code is denied.

The defendants, other than H. R. Calamari and B. F. Goodrich Co., have also filed a motion to dismiss pursuant to Rule 12(b) (3), Federal Rules of Civil Procedure, which is rendered moot and it is denied.

III. *Motion to Stay by B. F. Goodrich Co.*

B. F. Goodrich Co. has separately from the other defendants asked for an order staying proceedings in this action until such time as the civil action in the Circuit Court for Orange County, Florida has been disposed of. Since the Court has found that the entire cause should be transferred to the Middle District of Florida, it is unnecessary at this time to finally dispose of the motion to stay. That motion may become pertinent at a later date, but it is not so now, and it is therefore denied without prejudice to the movant's right to seek a stay in the Middle District.

It is therefore ordered and adjudged that the motion of H. R. Calamari to dismiss be and the same is hereby granted; that this cause (and all of the remaining parties) be and the same hereby is transferred to the United States District Court for the Middle District of Florida; that the motion of B. F. Goodrich Co. to stay this proceeding is denied without prejudice to seek a stay in the transferee court; and all other pending motions are denied.

The Clerk is directed to execute the order transferring this cause.