Orvail SHERMAN, Plaintiff,

v.

AMERICAN FEDERATION OF MUSICIANS, an Unincorporated Association, Musicians Protective Union # 367 AFM, an Unincorporated Association and a Local of the American Federation of Musicians, and Oklahoma City Federation of Musicians, # 375, an Unincorporated Association and a Local of the American Federation of Musicians, Defendants.

No. CIV–75–0820–D.

United States District Court, W. D. Oklahoma.

Dec. 10, 1976.

Warren L. Gotcher, McAlester, Okl., for plaintiff.

Robert Sherman, Oklahoma City, Okl., Henry Kaiser, Ronald Rosenberg and Michael Wolf, Washington, D. C., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The Defendant American Federation of Musicians, an Unincorporated Association (AFM) has filed herein a Motion to Dismiss in which said Defendant asserts that this Court has neither jurisdiction nor venue over said Defendant with respect to Plaintiff's case under either the Labor Management Relations Act, 29 U.S.C. § 185(c), which provides:

> "For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

or the pertinent Anti-Trust statute, 15 U.S.C. § 15, which provides:

> "Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount

in controversy, and shall recover three-fold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Plaintiff proceeds herein asserting both a Labor Management Relations Act violation and an Anti-Trust violation.

In an Order entered herein on August 23, 1976 the Court considered said Motion to Dismiss and being unable to decide the issues on affidavits submitted, decided under *Schramm v. Oakes*, 352 F.2d 143 (Tenth Cir. 1965), to conduct an evidentiary hearing to fully develop the venue/jurisdictional facts of this case. Such an evidentiary hearing has been conducted with both sides in attendance, evidence has been received and arguments heard. The Court finds that the motion under consideration should be granted as this Court has neither jurisdiction nor venue over AFM under either of the pertinent statutes.

■ As to 29 U.S.C. § 185(c), *supra*, there is no evidence that AFM maintains its principal office in Oklahoma. Therefore for said entity to be suable in this district under said statute Plaintiff must establish that its duly authorized officers or agents are engaged in representing or acting for employee members in this district. Our Court of Appeals has treated with this statute in two notable cases, the first being *International Union of Operating Engineers v. Metropolitan-Guild-Tecon*, 400 F.2d 261 (Tenth Cir. 1968) and the second being *Barefoot v. International Bro. of Teamsters, C., W. & H.*, 424 F.2d 1001 (Tenth Cir. 1970). In the *Metropolitan* case our Court of Appeals found that the International Union had a duly authorized agent in the district engaged in representing or acting for employee members in that he represented such employee members in negotiating collective bargaining agreements and pursuing grievance claims and other activities. In *Barefoot* our Court of Appeals held that the International Union did not have an officer or agent in the district engaged in representing or acting for employee members under said statute although a local had requested and received advice from the International given from its national headquarters. This case in mentioning the *Metropolitan* case stresses the need for the "physical presence" in the district of such an officer or agent and further under said statute generally provides that conduct of International in responding to queries of Locals and furnishing guidance and announcing policies, etc. to local unions does not amount to the International having an officer or agent in the district subjecting it to jurisdiction under said statute in a Court where the Local is situated.

The evidence at the hearing conducted in the instant case reveals no officer or agent of AFM engaged in representing or acting for employee members in this district. The only agent of AFM to come to this district was one who came once a year and then engaged only in the activity of auditing the books of the Local to see if the Local had discharged its monetary obligations to AFM. It is quite clear that such agent when in Oklahoma was not representing or acting for employee members but was representing or acting for the International organization. Plaintiff contends that because he was placed on a California Local defaulter's list for not paying musicians, which default situation was later published in the National Journal of AFM and mailed into Oklahoma, that such subjects AFM to suit in this State under 29 U.S.C. § 185(c). This contention is not supported by the language of the statute and the *Metropolitan* and *Barefoot* cases. This type of activity is responsive and in the nature of policy and does not satisfy the requirements of said statute. Under the authority of *Barefoot* this evidence does not establish jurisdiction under 29 U.S.C. § 185(c) and the Motion to Dismiss should be sustained in regard to the asserted Labor Management Relations Act claim.

■ As to jurisdiction and venue under the Anti-Trust statute, 15 U.S.C. § 15, the Plaintiff must show that the Defendant AFM either resides or is found or has an agent in this judicial district. Under the evidence the Defendant AFM does not reside in this district. Nor does AFM have an

agent in this district. It has no office in this district. An agent coming into this district one time a year for the purpose of auditing the Local books on behalf of the agent does not put an agent in this State within the meaning of said statute. Likewise Defendant AFM is not found under the evidence presented to the Court in this district. Again the agent of AFM coming into the State once a year to audit the books does not cause AFM to be found in this State. Nor does the mailing of a monthly publication from AFM headquarters in New York into Oklahoma constitute AFM being found in Oklahoma. Therefore as to Plaintiff's Anti-Trust case this Court lacks jurisdiction and venue of such suit and said Defendant's Motion to Dismiss as to this cause of action should likewise be sustained.