OHIO–SEALY MATTRESS MANUFAC-
TURING COMPANY et al., Plaintiffs,

v.

Morris A. KAPLAN et al., Defendants.

No. 76 C 810.

United States District Court,
N. D. Illinois, E. D.

Jan. 10, 1977.

Frederoc F. Brace, Jr., William H. Tobin, Sidley & Austin, Chicago, Ill., for plaintiff.

Howard R. Koven and Phil C. Neal, of Friedman & Koven, James E. Hastings and Richard S. Rhodes, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., Matthew J. Heartney, Jr., Stewart, Heartney, Brodsky, Thornton & Harvey, Des Moines, Iowa, Stanley B. Block, of Vedder, Price, Kaufman & Kammholz, Samuel Weisbard and Harold J. Bressler, McDermott, Will & Emery, Edward I. Rothschild and M. I. Mishkin, Richard K. Wray, Arnstein, Gluck, Weitzenfeld & Minow, Eli E. Fink, Fink, Coff & Stern, Albert D. Jenner, Jr., Robert F. Hanley, Rodney D. Joslin, Barbara S. Steiner, Jenner & Block, Chicago, Ill., for defendants.

### MEMORANDUM DECISION

MARSHALL, District Judge.

The plaintiff, Ohio-Sealy, brings this action to remedy violations of the antitrust laws allegedly committed by Sealy, Inc. and other corporate and individual defendants. The jurisdiction of this court is based on 15 U.S.C. §§ 15 and 26 (1970). Now pending are motions by two individual defendants, Messrs. Ronald C. Haas and Joseph F. Haas, and one corporate defendant, Slumber Products Corporation.

Defendant Ronald C. Haas moves to dismiss the complaint for lack of *in personam* jurisdiction. Fed.R.Civ.P. 12(b)(2). He states by affidavit that he neither resides in Illinois nor does business here. Since 1969 he has been the President of Slumber Products. Between May, 1969, and May, 1975, he was a member of the Board of Directors of Sealy, Inc. and between 1971 and 1975 was a member of its Executive Committee. During this time, he attended numerous meetings of the Board and Executive Committee which were held in Chicago, Illinois.

The plaintiff relies on Mr. Haas' presence at these meetings to establish jurisdiction over his person, alleging that at these meetings, the defendants formed a conspiratorial strategy to injure Ohio-Sealy in its business. The *in personam* jurisdiction of this court is determined by the law of the State of Illinois. Fed.R.Civ.P. 4(e). Ill.Rev.Stat. ch. 110, § 17 provides in part:

(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State; . . .

The word "tortious" as used in § 17(1)(b) is not restricted to the technical definition of a tort, but also includes any act committed within the state which involves a breach of duty to another and makes the actor liable in damages. *Poindexter v. Willis*, 87 Ill. App.2d 213, 231 N.E.2d 1 (5th Dist. 1967).

This statute was applied to an antitrust case in *United States Dental Institute v. American Association of Orthodontists*, 396 F.Supp. 565 (N.D.Ill.1975). In that case, three defendants attended a meeting in Chicago and voted in favor of a proposal which plaintiffs alleged violated the antitrust laws. The court held that their presence and their votes constituted "tortious" acts from which the plaintiff's claim arose,

thereby conferring *in personam* jurisdiction over them.

In this case, Ronald C. Haas attended meetings in this district and voted on numerous proposals which Ohio-Sealy alleges violate the antitrust laws, including the adoption of restraints of trade in licensing agreements. We need not decide whether, as a matter of law, these were illegal to establish jurisdiction over the person under Ill.Rev.Stat. ch. 110, § 17. It is sufficient that there is competent evidence that Haas participated in Illinois in the conduct which is alleged to have been unlawful. Defendant Ronald C. Haas' motion to dismiss for lack of jurisdiction over his person is denied.

Defendants Ronald C. Haas, Joseph F. Haas, and Slumber Products Corporation moved to dismiss for improper venue. In antitrust cases, venue may be established under 15 U.S.C. §§ 15 and 22 or under the general venue statute, 28 U.S.C. § 1391(b). The antitrust statute is not to be applied exclusively in these cases; it only supplements the general rule. *A.B.C. Great States Inc. v. Globe Ticket,* 310 F.Supp. 739 (N.D.Ill.1970). Read together, these statutes lay venue in a judicial district if a defendant resides, is found, or does business in that district or if the claim arose in that district.

The individual defendants, Joseph and Ronald Haas, state correctly that neither resides, does business, or was found (that is, was served with process) here. Plaintiffs do not seriously contest these statements but argue instead that venue in this district is proper because the claim arose here.

In an antitrust case of national proportions, one cannot easily determine "where the claim arose" because the alleged injuries and illegal conduct may have occurred in several states. In *Philadelphia Housing Authority v. American Radiator,* 291 F.Supp. 252, 260, 261 (E.D.Pa.1968), the court proposed the following test for venue in such cases:

It is submitted that "where the claim arose" should be dependent upon where the contacts weigh most heavily. A "weight of the contacts" test would enable venue to exist in a district where the injury occurred, if significant sales causing substantial injury were made to plaintiffs there by defendants. If some other overt act pursuant to the conspiratorial meetings took place in a district and it was a significant and substantial element of the offense, then venue would lie in that district. Conversely, if one insignificant sale was made in a district, as set forth above in the hypothetical, venue would not lie there. Similarly, if a meaningless and insignificant meeting of the conspirators took place in a certain district, venue would not exist there either.

The court in *A.B.C. Great States, supra,* applied this test and found that conspiratorial meetings of a trade association were sufficient contact to establish venue under 28 U.S.C. § 1391(b) (1970). Similarly, in *United States Dental Institute, supra,* the court found venue in this judicial district because individual defendants attended a meeting here at which an allegedly illegal plan was adopted.

In the present case, Ronald and Joseph Haas attended numerous meetings with other defendants in this district. Ohio-Sealy alleges that during these meetings, the defendants conspired to harm it and implemented that conspiracy by, among other actions, voting to adopt alleged restraints of trade. Applying the weight of the contacts test, these meetings appear to be the most significant part of the alleged offense. Since Ronald and Joseph Haas attended these meetings and participated in the voting, we find that the claim against them arose here and that venue in this judicial district is proper as to them.

The corporate defendant, Slumber Products, argues that in its case, venue is improper because it neither resides nor transacts business here, as required by 28 U.S.C. § 1391(c). It further states that it did nothing to give rise to Ohio-Sealy's claim because it did not participate in any Sealy, Inc. Board of Directors or Executive

142

Committee meetings. Slumber Products asserts that if Ronald Haas attended those meetings, he did so in a personal capacity, not as a representative of Slumber. At the time Mr. Haas attended the meetings, he was a major stockholder in Sealy, Inc. as well as the principal owner and President of Slumber Products. We note that in *United States v. Sealy, Inc.*, 388 U.S. 350, 87 S.Ct. 1847, 18 L.Ed.2d 1238 (1966), the Supreme Court rejected the notion that licensee-directors wore "Sealy hats" only at the Board meetings. 388 U.S. at 353, 87 S.Ct. 1847. For purposes of this motion, we are unable to separate Mr. Haas' interests as principal owner and President of Slumber from his interests as a Sealy, Inc. shareholder. Given his position at Slumber, his presence at the Sealy Board meetings is sufficient contact with this district to make venue proper as to Slumber Products.

The defendants' motions to dismiss for improper venue are denied.

Defendants ordered to answer in 20 days.