**FIRST PULLEN COMMODITY SERVICES, INC., etc., Plaintiff,**

v.

**A. G. BECKER-KIPNIS & CO. et al., Defendants.**

**No. 80-8082-CIV-JAG.**

United States District Court,
S. D. Florida, N. D.

Feb. 9, 1981.

H. Michael Easley, Easley, Massa & Willits, P. A., West Palm Beach, Fla., Newman, Shook & Newman, Dallas, Tex., for plaintiff.

Thomas A. Groendyke, Fleming, O'Bryan & Fleming, P. A., Fort Lauderdale, Fla., Thomas P. Luning, Schiff, Hardin & Waite, Chicago, Ill., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the court for review upon the Defendants, A. G. Becker-Kipnis & Co., Herbert S. Kipnis, A. G. Becker & Co., Inc. and AGBC, Inc.'s, Motion to Dismiss Plaintiff's First Amended Complaint, alternatively for a Change of Venue, Stay of all proceedings, Dismissal of Counts IV and V for Failure to State a Cause of Action and Dismissal of Kipnis and AGBC as parties for lack of personal jurisdiction.

Plaintiff's first amended complaint is in five (5) Counts. Count I embodies a breach of contract theory; Count II seeks Declaratory Judgment and Damages; Count III prays for punitive damages; Count IV alleges a violation of Sherman Act Section 2 pursuant to 15 U.S.C. §§ 2 and 15; Count V charges a violation of Sherman Act Section 1 pursuant to 15 U.S.C. §§ 1 and 15.

Plaintiff attempts to predicate subject matter jurisdiction in the federal forum upon diversity of citizenship pursuant to 28

U.S.C. § 1332 and upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

Venue is alleged to be proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and the venue provisions found in 15 U.S.C. § 15.[1]

Title 28 U.S.C. §. 1391(b) states that civil actions not founded solely on diversity of citizenship may be brought only in the judicial district wherein all *defendants* reside or in which the claim arose, except as otherwise provided by law. This last phrase injects the venue provisions of 15 U.S.C. § 15 into this analysis by providing additional sources of venue.

The Supreme Court in 1957 held that the special patent venue provisions of 28 U.S.C. § 1400 were not supplemented by the general venue provisions of 28 U.S.C. § 1391 et al., since both were enacted by Congress at the same time. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Thereafter many courts took the position that the general venue provisions of 28 U.S.C. § 1391 et al did not supplement the special provisions contained in the Clayton Act. *See e. g. Board of County Comm'rs v. Wilshire Oil Co. of Texas*, 523 F.2d 125, 129 n.5 (10th Cir. 1975). In a subsequent opinion, however, the Supreme Court held that the general venue statutes supplemented the special venue provisions contained in the Jones Act. *Pure Oil Co. v. Suarez*, 384 U.S. 202, 203, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966). After *Pure Oil* the dominant trend of the lower courts has been to confine *Fourco* to its specific facts and to hold that the general venue provisions in Title 28 serve to supplement the special venue sections appearing in the Clayton Act, namely 15 U.S.C. §§ 15 and 22.

This dominant trend is supported by the plethora of opinions considering 28 U.S.C. § 1391 in determining proper venue in antitrust cases notwithstanding the special venue sections of 15 U.S.C. §§ 15 and 22.

*Board of County Comm'rs v. Wilshire Oil Co. of Texas*, 523 F.2d 125, 129–30 (10th Cir. 1975); *Hoffman Motors Corp. v. Alpha Romeo S. p.A.*, 244 F.Supp. 70 (S.D.N.Y.1965); *New York v. Morton Salt Co.*, 266 F.Supp. 570 (E.D.Pa.1967), *affd.*, 385 F.2d 122 (3rd Cir. 1967), *cert denied*, 390 U.S. 995, 88 S.Ct. 1195, 20 L.Ed.2d 94 (1968); *School Dist. of Philadelphia v. Harper & Row Publishers, Inc.*, 267 F.Supp. 1006 (E.D.Pa.1967); *Edward J. Moriarty & Co. v. General Tire & Rubber Co.*, 289 F.Supp. 381 (S.D.Ohio 1967); *Philadelphia v. Morton Salt Co.*, 289 F.Supp. 723 (E.D.Pa.1968); *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 291 F.Supp. 252 (E.D.Pa.1968); *Adams Dairy Co. v. National Dairy Products Corp.*, 293 F.Supp. 1135 (W.D.Mo.1968); *ABC Great States, Inc. v. Globe Ticket Company*, 304 F.Supp. 1052, 1054–55 (N.D.Ill.1969); *Albert Levine Associates v. Bertoni and Cotti*, 314 F.Supp. 169 (S.D.N.Y.1970); *California Clippers, Inc. v. United States Soccer Football Association*, 314 F.Supp. 1057, 1062 (N.D.Cal.1970); *Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc.*, 333 F.Supp. 187, 193 (D.Neb. 1971); *Redmond v. Atlantic Coast Football League*, 359 F.Supp. 666, 669 (S.D.Ind.1973); *Arnold v. Smith Motor Co.*, 389 F.Supp. 1020 (N.D.Iowa 1974); *Call Carl, Inc. v. B. P. Oil Corp.*, 391 F.Supp. 367 (D.Md.1975); *United States Dental Institute v. American Ass'n of Orthodontists*, 396 F.Supp. 565, 573 (N.D.Ill.1975); *Grappone, Inc. v. Subaru of America, Inc.*, 403 F.Supp. 123 (D.N.H. 1975); *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 429 F.Supp. 139 (N.D.Ill.1977); *Contra, Manufacturers Buyers Corp. v. El Dorado Tire Co.*, 324 F.Supp. 225 (S.D.Fla. 1971).

The interpretation of Section 1391 as a supplementary statute serves to confer venue of anti-trust cases in districts where the cause of action arose even though such language is absent from the language contained in the Title 15 special venue provisions. Case law, cited above, has articulat-

---

1. The contested jurisdictional issue does not involve subject matter jurisdiction but lack of jurisdiction in this district for improper venue.

ed the concern that the general venue prescriptions were not broad enough to meet the specialized issues presented in anti-trust litigation. The enactment of the special venue provisions of Title 15 were tailored to redress this concern by broadening the Title 28 catch-all language pertaining to the general realm of litigation. There is no language from the legislature manifesting an intent that Title 15 restrict the applicability of Title 28 as was true in the patent and copyright realm.

This Court, therefore, will follow the majority position espoused by many of the United States District Courts cited above and hold that 15 U.S.C. § 15, as further supplemented by 15 U.S.C. § 22, does not serve to abolish or supercede the available districts mentioned in the general venue provision of Section 1391.

The facts will therefore be examined to determine if venue is proper in this district.

On February 6, 1980 Becker-Kipnis filed suit against King Commodity Services, Inc., now known as First Pullen Commodity Services, Inc., in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 80–C–0623 for indemnity. The predominate portion of the present amended complaint, regardless of the legal theories asserted, arises out of the above action in the District Court in Illinois.

In determining the situs of where the cause of action arose the aggregation of the parties' activities must be considered. All the activities complained of substantially took place in Chicago, Illinois and not within the Southern District of Florida. Plaintiff's admissions in its memorandum indicate that the indemnity letter, containing an offer and reflecting the telephone conversations initiated by plaintiff to Chicago, was mailed to Florida for plaintiff's signature and then returned to Chicago. None of the parties to this motion actively engaged in branch offices in this district nor sent agents here except in a few isolated instances. See Affidavit of Herbert S. Kipnis ¶ 20 (stating that he came to Florida occasionally for vacations and for settle-

ment negotiations in the Illinois law suit after the cause of action accrued). All of the activities complained of were conducted by defendants in the course of their business outside this district. The *de minimus* actions on the part of defendants herein are insufficient to establish this district as the place where the cause of action arose.

The general venue provision cannot be stretched to include the situs of every action, however insignificant, leading to a claim. Instead, its policy aims to establish the forum wherein the complained of actions occurred beyond an insignificant degree. The aggregation of defendants' activities, namely the services incident to the agreements entered into among the parties, occurred outside the Southern District of Florida, and in the Northern District of Illinois, thus precluding a proper assertion of venue in this District pursuant to the "cause of action" test contained in 28 U.S.C. § 1391(b).

The district in which defendant(s) reside pursuant to 28 U.S.C. § 1391 provides a narrower forum choice than the situs of residency under 15 U.S.C. § 15 in that *all* defendants must reside in the same judicial district or different divisions within the same district. The definition of residency is embodied in Section 1391(c) as regards corporate residency.

Nowhere in the record is it alleged that any of the defendants were incorporated or licensed to do business in Florida. Therefore, the residency requirement of Section 1391(b) and (c), as it affects corporate entities, can only be met if the "doing business" standard is satisfied.

In order for a foreign corporation to be "doing business" within a district, it must conduct business continuously and systematically in that district. *Sterling Television Presentations v. Shintron Co.*, 454 F.Supp. 183 (S.D.N.Y.1978). The "doing business" requirement is not tantamount to the "minimum contacts" due process standard for personal jurisdiction as found in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90

L.Ed. 95 (1945). A higher degree of contacts must exist to constitute "doing business" for purposes of 28 U.S.C. § 1391(b) and (c). *Trinity Metals v. Andy International, Inc.*, 424 F.Supp. 966 (E.D.Pa.1977). *See also, Frazier, III v. Alabama Motor Club, Inc.*, 349 F.2d 456, 459 (5th Cir. 1965) (continuous and systematic activities giving rise to liabilities sued on). *Medicenters of Amer., Inc. v. T and V Realty & Equip. Corp.*, 371 F.Supp. 1180, 1182 (E.D.Va.1974) (simple act of entering into one contract meets "minimum contacts" test but not "doing business" test of venue). *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 890 (S.D.N.Y.1974) (nonresident corporation is not "doing business" in a district where its only contacts have been through the mail).

■ The Defendants activities herein amounted to only *de minimus*, isolated and fragmented activities manifested through the mails and telephone conversations. Mr. Kipnis' propensity to vacation in Florida has no bearing whatsoever on the controversy, as those activities were in no way connected to this cause of action and were devoid of any business purpose.[2] His actions did not amount to doing business on behalf of the Corporate entity in this district.

Venue, therefore, cannot be placed in this district pursuant to 28 U.S.C. § 1391(b) and (c) on behalf of the corporate defendants since neither the "cause of action" test nor the "residency" test have been satisfied.

■ Mr. Kipnis, in his individual capacity, was likewise not a resident of this district. He merely vacations in Florida, an activity which does not confer residency. Again venue is not properly placed in this district pursuant to 28 U.S.C. § 1391(b) since Mr. Kipnis is neither a resident of this district nor did the cause of action arise here.

Further the general venue provision of Section 1391 mandates that *all* defendants must reside in the forum judicial district. A review of the record indicates that some of the defendant/movants have engaged in no activities at all in this district, thereby precluding an assertion of their residency here.

The venue provisions of 15 U.S.C. § 15 must also be considered as alternative grounds of venue. The test under that statute is less restrictive than the general venue provisions of 28 U.S.C. § 1391. Under Section 15 venue is proper in *any* district court of the United States in the district in which the defendant resides or is found or has an agent without respect to the amount in controversy.

Respecting individuals, the residency requirement of Section 15 is the same test that is embodied in the residency requirements for an individual under 28 U.S.C. § 1391. Mr. Kipnis was not a resident of Florida for the reasons stated earlier, nor did his activities amount to his being "found" in the Southern District of Florida. The scope of his activities in Florida consisted of periodic vacations for personal pleasure coupled with visit(s) to enter into settlement negotiations in the Illinois case after this cause of action accrued, but before suit was filed. A corporate president, who was a resident of New York and spent two weeks per year attending to his corporate duties in the Southern District of Texas, was held not "found" in such district of Texas. *Braun v. Berenson*, 432 F.2d 538, 544 (5th Cir. 1970).

The record is also devoid of any factual allegations suggesting that Kipnis, individually, has an "agent" in this District. Since he is neither a resident of, found in, or has an agent in this district, 15 U.S.C. § 15 cannot be applied to confer venue here with respect to him.

15 U.S.C. § 15, as applied to the corporate defendants, establishes a different stan-

---

**2.** Kipnis' trips to Florida to engage in settlement negotiation occurred after the cause of action arose and prior to the filing of this complaint. The "doing business" standard must be met at the time the cause of action accrued

according to the vast weight of authority. *Board of County Comm'rs v. Wilshire Oil Co. of Texas*, 523 F.2d 125, 131 n. 10 (10th Cir. 1975).

dard. The "residency" language in that section is defined through the elaborations appearing in a supplementary section of the Clayton Act, to wit, 15 U.S.C. § 22, which supply three additional grounds for conferring special venue in any district where a corporation is an "inhabitant", "found", or "transacts business".

None of the corporate defendants are inhabitants of the Southern District of Florida. The elements of the "found" requirement are again supplied by the Fifth Circuit in *Braun, supra,* where the court ruled that a corporation will be deemed "found" within a district if it continously carries on any substantial part of its activities there. The corporate defendants' actions here did not reach the level of continuity required nor did they constitute a substantial part of their overall activities.

The last of the three grounds establishing venue under Section 22, supplementing the residency language found in Section 15, is the "transacting business" test. The Supreme Court provided a general framework for analysis respecting that language in *United States v. Scophony Corp.,* 333 U.S. 795, 807, 68 S.Ct. 855, 862, 92 L.Ed. 1091 (1948), wherein it stated that the practical, everyday business or commercial concept of doing or carrying on business of any substantial character is the appropriate test. *See also, Eastman Kodak Co. v. Southern Photo Materials Co.,* 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927).

■ The facts herein do not support a finding that the defendants transacted business in the Southern District of Florida. All of the commodity transactions and services incidental to the agreements cited in the complaint occurred in Chicago, Illinois. Additionally, plaintiff and Alderson & Hamilton wired payments to the office of Becker-Kipnis or its designated bank in Chicago. The funds now being used to set off Plaintiff's alleged debt under the "indemnity agreement" are being held in a bank in Chicago, Illinois. See Affidavit of Herbert S. Kipnis ¶ 23. A finding of venue in the Southern District of Florida based on these isolated, minor transactions would serve to expand the available list of forums too far, thus rendering any limitation on venue by statute or case law meaningless.

The last inquiry is directed to the remaining portions of the special venue provision contained in 15 U.S.C. § 15, namely whether the activity of the corporate defendants herein amounted to them being "found" or having an "agent" in this district.

The "found" requirements of Section 15 relating to a corporate defendant are identical to the "found" requirements appearing in 15 U.S.C. § 22, the latter of which supplements the former. In the absence of continuous, substantial activities on the part of these defendants the *Braun* test again is not met, thus precluding proper venue in this district.

Defendants likewise did not have an "agent" in the Southern District of Florida. Mr. Kipnis, a general and managing partner of Becker-Kipnis, is their agent, however, the nature of this relationship does not amount to Becker-Kipnis having an "agent" in this district. His isolated activities as set forth above do not satisfy the "agent" test since his presence in Florida was unrelated to the agency concept of conducting business in this district.

In *Sherman v. American Federation of Musicians,* 462 F.Supp. 408, 410 (W.D.Okl. 1976), *affd.,* 588 F.2d 1313 (10th Cir. 1978), for example, the court held that an individual coming into a district once a year for the purpose of auditing the local books of an organization was not an agent in that district within the meaning of Section 15. *See also, Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491 (9th Cir. 1979) (venue not found where coconspirator performed acts in forum district).

The court concludes that provisions of 28 U.S.C. § 1391 and the special venue provisions of 15 U.S.C. §§ 15 and 22 fail to establish venue in the Southern District of Florida and hence this court is not the proper forum. Accordingly, the Court will consider the remedies available under 28 U.S.C. § 1406 applicable to cases filed in the wrong division or district.

██ Plaintiff has informed this court that it has moved its main office to its principal place of business, Dallas, Texas, as of September 15, 1980. The relevant documents are in Becker-Kipnis' possession in Chicago, Illinois. See Kipnis Affidavit ¶ 22. Service of process can be effected on all the parties in Illinois. All of the commodity transactions took place in Illinois. These considerations plus the fact that plaintiff's complaint herein may constitute a compulsory counterclaim in the Illinois lawsuit, case No. 80–C–0623, establishes the Northern District of Illinois, Eastern Division, as the appropriate forum for transfer pursuant to 28 U.S.C. § 1406.[3]

Accordingly, it is ORDERED AND ADJUDGED as follows:

1] That Defendants' Motion to Dismiss for improper venue pursuant to 28 U.S.C. § 1406(a) be, and the same is hereby DENIED.

2] That Defendants' Motion to Transfer this action to the Northern District of Illinois be, and the same is hereby GRANTED in part and DENIED in part. Defendants' Motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED in that Section 1404 applies only where venue is properly placed in the forum jurisdiction, but transfer is sought to another jurisdiction wherein the action could have been brought. Defendants' Motion to Transfer be, and the same is hereby GRANTED pursuant to 28 U.S.C. § 1406(a). Accordingly, this action shall be transferred to the Northern District of Illinois, Eastern Division.

3] That Defendants' Motion to Stay Proceedings be, and the same is hereby DEFERRED pending a decision by the transferree Court.

4] That Defendants' Motion to Dismiss Counts IV and V, the anti-trust claims, for failure to state a claim upon which relief can be granted be, and the same is hereby DEFERRED for a ruling by the transferree Court.

5] That Defendants' Motion to Dismiss Herbert S. Kipnis and AGBC, Inc., for lack of personal jurisdiction be, and the same is hereby DEFERRED at this time for consideration by the transferree Court. The state law of Illinois in conjunction with the "minimum contracts" test espoused in *International Shoe*, cited *supra*, will provide the due process requirements dictating the existence of personal jurisdiction upon transfer of this action.

---

3. In the event that venue was proper in this jurisdiction, transfer to the Northern District of Illinois would be warranted pursuant to 28 U.S.C. § 1404(a).